UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| MARLEN FLORES, GABRIELA COLUNGA, and JESUS RUBEN ANGUIANO, *individually and on behalf of those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>DE LA PAZ CLEANING & RENTAL SERVICE, LLC,<br><br>Defendant. | Case No. 2:25-CV-00020<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Marlen Flores, Gabriela Colunga, and Jesus Ruben Anguiano ("Plaintiffs"), individually and on behalf of those similarly situated former employees as defined herein, bring this suit against De La Paz Cleaning & Rental Service, LLC, ("Defendant"), by way of this Class Action Complaint, alleging as follows:

### NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff, individually and on behalf of the other similarly situated former employees, against Defendant, the employer for WARN Act purposes.

2. Defendant operates a plant located at 1401 S. Salinas Blvd., Donna, TX 78537 ("Donna Facility"), where Plaintiff Flores worked. Defendant also operated related facilities at

1

7210 US Highway 83, Laredo, TX ("Laredo Facility"), where Plaintiff Colunga worked, and 91 Firefly Lane, Eagle Pass, TX 78852 ("Eagle Pass Facility"), where Plaintiff Anguiano worked. Employees at these facilities were subject to the same employment policies and management and therefore the three facilities, altogether, constituted a single site of employment (altogether, the "Facility"). In the alternative, each site constituted a single site of employment.

3. Over the last 90 days, upon information and belief, Defendant abruptly terminated, unilaterally and without proper notice to employees, over one hundred employees and at least 33% of active full-time employees, including Plaintiffs, at the Facility and/or at each Facility.

4. Plaintiff Flores was terminated on March 5, 2025, as part of a mass layoff and/or plant closing without proper notice.

5. Plaintiff Colunga was terminated on March 6, 2025, as part of a mass layoff and/or plant closing without proper notice.

6. Plaintiff Anguiano was terminated on March 6, 2025, as part of a mass layoff and/or plant closing without proper notice.

7. Plaintiffs bring this action, individually, and on behalf of other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable result of a mass lay off or plant closing ordered by Defendant on or around March 5, 2025 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

8. Plaintiffs and other similarly situated employees should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

**PARTIES**

11. At all times herein relevant, the Representative Plaintiffs are members of the Nationwide class (as defined below) or the respective Nationwide subclasses defined below.

12. Plaintiff Marlen Flores is a citizen of the United States and resident of Texas. Plaintiff Flores was employed by Defendant at all relevant times at the Facility and/or the Donna Facility. Plaintiff Flores was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). Plaintiff Flores was terminated without cause and did not receive 60 days' notice before termination.

13. Plaintiff Gabriela Colunga is a citizen of the United States and resident of Texas. Plaintiff Colunga was employed by Defendant at all relevant times at the Facility and/or the Laredo Facility. Plaintiff Colunga was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). Plaintiff Colunga was terminated without cause and did not receive 60 days' notice before termination.

14. Plaintiff Jesus Ruben Anguiano is a citizen of the United States and resident of Texas. Plaintiff Anguiano was employed by Defendant at all relevant times at the Facility and/or the Eagle Pass Facility. Plaintiff Anguiano was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). Plaintiff Anguiano was terminated without cause and did not receive 60 days' notice before termination.

4869-5332-6016, v. 1

15. Defendant De La Paz Cleaning & Rental Service, LLC is incorporated in Texas, with a corporate headquarters located at 506 Griner Street, Del Rio, Texas. As registered with the Texas Secretary of State, Defendant may be served via its registered agent, Gabriel De La Paz, HCR 3 Box 513, Del Rio, TX 78840.

16. Upon information and belief, Defendant conducted business in this district and, at all relevant times, operated the Facility and/or the Donna, Laredo, and Eagle Pass Facilities, where Plaintiffs and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

17. Defendant made the decision to terminate employees, including Plaintiffs and those other similarly situated former employees, without 60 days' advance notice, terminating over 50 employees and at least one-third of the workforce.

## FACTS

18. On or about March 5, 2025, Defendant informed a group of employees, including Plaintiff Flores, at the Donna Facility, that their jobs would be terminated on that same day.

19. Upon information and belief, at least 125 employees were terminated from the Donna Facility.

20. On or about March 6, 2025, Defendant informed another group of employees, including Plaintiffs Colunga and Anguiano, at the Laredo and Eagle Pass Facilities, that their jobs would be terminated on that same day.

21. Upon information and belief, at least 142 employees were terminated from the Laredo facility, and at least 60 employees were terminated from the Eagle Pass facility.

22. Defendant did not provide advance notice to the Texas Workforce Commission or any local entities of the mass layoff or plant closing. According to the Workforce Commission's records, notice was not received until March 12, 2025, after the terminations were already effected.

23. Defendant did not provide proper WARN Act Notice, 60 days in advance, as required by 29 U.S.C. §§ 2101 *et seq.* even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

24. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

25. By failing to provide its affected employees who were temporarily or permanently terminated on or around March 5, 2025, with proper WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of March 5, 2025

27. In the alternative, Plaintiffs each bring their WARN Act claim on behalf of the following Nationwide subclasses pursuant to Federal Rule of Civil Procedure 23:

> Plaintiff Flores: All employees of Defendant who were terminated from the Donna Facility pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of March 5, 2025

> Plaintiff Colunga: All employees of Defendant who were terminated from the Laredo Facility pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of March 6, 2025

> Plaintiff Anguiano: All employees of Defendant who were terminated from the Eagle Pass Facility pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of March 6, 2025

28. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. The class or each subclass includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to each class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2).

   c. Plaintiffs are a member of the class, or in the alternative, members of their respective subclasses, and bring claims typical of the claims of other class members. Plaintiffs have no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3).

   d. Plaintiffs will fairly and adequately represent the class or their subclasses and its interests. Moreover, Plaintiffs have retained competent and experienced counsel who will effectively represent the interests of the class or subclasses. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4).

29. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

30. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class or subclasses as a whole.

31. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

## COUNT I
## VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq.*
## (WARN Act)
### *(On behalf of Plaintiffs and the putative class and/or subclasses)*

32. Plaintiffs re-allege and incorporate all preceding paragraphs as if set forth in full here.

33. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

34. Plaintiffs and the putative class and/or subclasses were at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

35. The terminations on March 5, 2025, and March 6, 2025, resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the

4869-5332-6016, v. 1

employees and at least 50 employees. Any ongoing terminations, occurring within any 90-day period, may be aggregated. 29 U.S.C. § 2102(d).

36. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Facility constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as the home base, the place from which work was assigned, and the place to which they reported for work. In the alternative, the Donna, Laredo, and Eagle Pass Facilities each constitute a single site of employment from which each class representative worked.

37. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

38. On information and belief, Defendant did not give 60 days' written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiffs and the putative class, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give proper written notice to the Texas Workforce Commission, or to the chief elected official of the local government within which the mass layoff was ordered.

39. Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about March 5, 2025.

40. As such, Plaintiffs and the putative class are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

4869-5332-6016, v. 1

41. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

42. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant have no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiffs as a representative of the Class, or their respective subclasses, and counsel of record as Class Counsel;

2. A declaration that Defendant violated the WARN Act;

3. A judgment against Defendant and in favor of Plaintiffs and the putative class for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendant and in favor of Plaintiffs and the putative class for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiffs and the putative class during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendant and in favor of Plaintiffs and the putative class for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Dated: April 2, 2025

           Respectfully submitted,

           THE LAW OFFICES OF EDGAR H. JUAREZ
           P.O. Box 4241
           Eagle, Pass TX 78852
           Tel: (830) 752-0686
           Fax: (866) 211-8139

           By: *[signature]*
           Edgar H. Juarez
           Attorney for Petitioner
           State Bar No. 24038986
           edgarjuarez@hotmail.com

           */s/ J. Gerard Stranch, IV*
           J. Gerard Stranch, IV (TN BPR #23045)
           Michael C. Iadevaia (TN BPR # 41622)
           **STRANCH, JENNINGS, & GARVEY, PLLC**
           223 Rosa Parks Ave. Suite 200
           Nashville, TN 37203
           Telephone: 615/254-8801
           Facsimile: 615/255-5419
           gstranch@stranchlaw.com
           miadevaia@stranchlaw.com

           Samuel J. Strauss*
           Raina C. Borrelli*
           **STRAUSS BORRELLI, LLP**

4869-5332-6016, v. 1

613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
nlyons@cohenandmalad.com

* *Pro Hac Vice* applications to be submitted

*Counsel for Plaintiffs and the Proposed Class*

4869-5332-6016, v. 1